**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ARTHUR R. DIRKS,
      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
DE-0831-17-0039-I-1

DATE: February 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Arlan Dirks</u>, Independence, Missouri, for the appellant.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) finding that he was ineligible for an annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant worked for the Department of Agriculture from June 9, 1974, through October 21, 1994, when he separated from Federal service at age 45. Initial Appeal File (IAF), Tab 1 at 3. In response to the appellant's questions about his options regarding the monies in his CSRS retirement account, OPM sent him letters in February and March of 1995 explaining that he would be eligible for a deferred retirement annuity at age 62 if he did not withdraw his retirement deductions; however, he would void any future retirement benefits if he withdrew those deductions. IAF, Tab 9 at 22-25. On September 28, 1995, and January 12, 1996, respectively, the appellant applied for and received a refund of his retirement deductions. *Id.* at 8-14, 16-19.

¶3     More than 20 years later, by letter dated August 23, 2016, the appellant applied for a deferred CSRS retirement annuity based on his Federal service. *Id.* at 32-34. On September 14, 2016, OPM issued a final decision denying the

appellant's application based on his withdrawal of his retirement deductions. *Id.* at 6-7.

¶4    The appellant filed a Board appeal of OPM's final decision but did not request a hearing. IAF, Tab 1 at 1. On appeal, the appellant argued that when he separated from service and inquired about his options regarding his Federal retirement account, he was informed that his only option was to withdraw his retirement deductions as a lump sum; however, in 2016 he learned that former Federal employees with 20 years of service under the CSRS can begin receiving deferred retirement benefits at the age of 62. IAF, Tab 1 at 3, Tab 22 at 2-4.

¶5    The appellant also raised an issue that was not addressed in OPM's decision; namely, whether the amount of the refund he received was correct. Specifically, in his initial submission on appeal, the appellant stated that he did not know how the refund amount was determined or whether it was determined correctly, and that he had asked OPM for information concerning this matter, but had not received it. IAF, Tab 1 at 3. Based on information OPM provided during discovery, IAF, Tab 9 at 16-19, the appellant subsequently argued that the amount of the refund was incorrect. IAF, Tab 15 at 2, Tab 22 at 4-5.

¶6    The administrative judge issued an initial decision that affirmed OPM's final decision. ID at 1, 5. The administrative judge found that, because the appellant had separated from service and was not reemployed, the refund of his CSRS retirement deductions voided all annuity rights based on the service that was the subject of the refund, ID at 4. 5 U.S.C. § 8342(a); *Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1060-61 (Fed. Cir. 1985). Moreover, the administrative judge found, the appellant is ineligible to redeposit the refunded amount because he has not been reemployed in a position subject to the CSRS. ID at 4; IAF, Tab 15 at 3; *see* 5 U.S.C. § 8334(d)(1)); *Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 12 (2008); *Sanchez v. Office of Personnel Management*, 47 M.S.P.R. 343, 346-47 (1991) (holding that an employee who received a refund pursuant to 5 U.S.C. § 8342 may be allowed

credit for his prior service under 5 U.S.C. § 8334(d) if "[w]hile subsequently reemployed in a covered position" he redeposits the amount received, with interest).

¶7    The administrative judge also rejected the appellant's contention that he was misled by unnamed sources. ID at 5. Rather, the administrative judge found, OPM provided the appellant with accurate written notices of his rights and options, and he received those notices. *Id.* The administrative judge did not address the appellant's argument that the amount of his refund was incorrect.

¶8    The appellant has filed a petition for review to which OPM responds briefly in opposition. Petition for Review (PFR) File, Tabs 1, 4.[2]

## ANALYSIS

¶9    On review, the appellant does not challenge the administrative judge's determination that he is not eligible to receive annuity benefits under CSRS, and we discern no reason to disturb this finding. PFR File, Tab 1. The receipt of a refund of CSRS retirement contributions voids all annuity rights based on the service for which the refund is made, unless the employee redeposits the refunded amount, with interest, while serving in a position covered by the CSRS. 5 U.S.C. §§ 8334(d), 8342(a); *Youngblood*, 108 M.S.P.R. 278, ¶ 12. Here, because the appellant received a refund of his CSRS retirement contributions, he is not entitled to a deferred CSRS annuity based on his service from 1974-1994. *See Youngblood*, 108 M.S.P.R. 278, ¶ 12. Additionally, the appellant is not entitled to redeposit his withdrawn contributions because he is not a current employee making retirement contributions. *See id.*

---

[2] With his petition for review, the appellant submits two letters to OPM dated November 22, 2016, in which he requests a record of all his CSRS contributions. PFR File, Tab 1 at 5-6. We need not consider these letters because they predate the close of the record and the appellant has made no showing that they were unavailable before the record closed despite his due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶10 　　　　We also find that the appellant's assertion that OPM miscalculated the amount of the refund does not provide a basis for disturbing the initial decision. As previously noted, OPM's final decision did not address that issue. IAF, Tab 9 at 6-7. The Board generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a final decision on the matter.[3] *See Settlers v. Office of Personnel Management*, 108 M.S.P.R. 105, ¶ 9 (2008). The appellant consequently is advised that he may make a specific request to OPM for a separate, formal determination concerning its calculation of his refund. If the appellant is dissatisfied with any subsequent OPM decision regarding his refund, he may request that OPM reconsider the decision and, if he is still dissatisfied, may appeal OPM's final decision to the Board. *See* 5 C.F.R. § 831.110. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

## NOTICE OF APPEAL RIGHTS[4]

　　　　You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] The Board has recognized an exception to the general rule that it lacks jurisdiction to adjudicate a retirement matter in the absence of a final decision when OPM has failed to render a decision. *Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010). Under this exception, the Board will take jurisdiction over a retirement appeal, even absent an OPM final decision, when the appellant has made repeated requests for such a decision and the evidence indicates that OPM does not intend to issue one. *Id*. This exception does not apply here, however, as the appellant has not shown that OPM failed to provide him a decision despite his repeated requests to do so.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   **(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

   Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

   Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     /s/ for
            Jennifer Everling
            Acting Clerk of the Board

Washington, D.C.